**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 24 2014, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEPHEN P. MURPHY, JR.**
Law Offices of Stephen Murphy, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
Office of the Attorney General
Indianapolis, Indiana

**CHRISTINE REDELMAN**
Office of the Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN THE MATTER OF THE                       )
TERMINATION OF THE PARENT-CHILD            )
RELATIONSHIP OF:                           )
                                           )
O.M. and T.M. (Minor Children),            )
                                           )
And                                        )
                                           )
B.M. (Father),                             )
                                           )
    Appellant/Respondent,                 )
                                           )
        vs.                         )     No. 42A01-1303-JT-152
                                           )
THE INDIANA DEPARTMENT OF                  )
CHILD SERVICES,                            )
                                           )
    Appellee/Petitioner.                  )

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause Nos. 42D01-1206-JT-14 & 42D01-1206-JT-15

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

B.M. ("Father") appeals the termination of his parental rights to his children, O.M. and T.M. Just before the termination hearing, Father, who was incarcerated in Illinois, filed a motion to continue. The trial court denied the motion and Father did not appear at the termination hearing. A second motion to continue made at the hearing was also denied. On appeal, Father initially contends that he received ineffective assistance of counsel. But Father's claim is actually one of due process, not ineffective assistance—Father makes no argument that counsel performed deficiently. Rather, he challenges the trial court's decision to proceed with the termination hearing in his absence. Because we conclude that there was no due-process violation here, we affirm.

## Facts and Procedural History

In February 2011, police intervened in a physical altercation between Mother and Father. Father was arrested and later incarcerated in Illinois for an unrelated matter. Meanwhile, Mother tested positive for methamphetamine and opiates. The local Knox County Department of Child Services ("KCDCS") took custody of the parties' young children, O.M and T.M., and filed a petition alleging that they were children in need of services ("CHINS").

After a fact-finding hearing, the trial court adjudicated the children CHINS. The court ordered Mother and Father to complete a variety of services to regain custody of the

children.  Unfortunately, Mother did not complete the court-ordered services.  Father, who remained incarcerated in Illinois, also failed to complete the court-ordered services.

In June 2012, KCDCS filed a petition to terminate Mother's and Father's parental rights.  The termination hearing was scheduled for September 26, 2012.  Five days before the hearing, Father moved to continue it.  Appellant's App. p. 38-39.  The court denied Father's motion.

Neither parent appeared at the termination hearing.  Mother's counsel moved for a continuance, and Father's counsel joined in the motion.  *See* Tr. p. 6.  The trial court denied the motion and heard evidence on the termination petition.  At the time of the termination hearing, Father's earliest release date was November 2013, but he had outstanding arrest warrants in Indiana and Kentucky.

At the end of December, the trial court entered its order with findings terminating Mother's and Father's parental rights.  Appellant's App. p. 20-24.[1]

Father now appeals.

**Discussion and Decision**

Father does not challenge the trial court's decision to terminate his parental rights.  Instead, he contends that he received ineffective assistance of counsel; therefore, the termination of his rights must be reversed.  But Father's claim is actually one of due process, not ineffective assistance—Father makes no argument that counsel performed deficiently.  *See* Appellant's Br. p. 5-6.  Rather, he notes that he was incarcerated

---

[1] This is the termination order for T.M. only; the order does not mention O.M. and neither party provides a separate termination order for O.M.  Indiana Appellate Rule 50(2)(b) requires the appellant to include a copy of the appealed judgment or order; here, it appears there was a separate order terminating Father's parental rights to O.M. that was not included in Father's appendix.

throughout this case, and argues that his "lack of ability and opportunity [] to meaningfully consult with [counsel], as well as participate in the termination hearing, resulted in him receiving a fundamentally unfair hearing." *Id.* at 5.

But Father fails to provide the required legal or factual support for this assertion. His entire appellate argument consists of three paragraphs, one of which articulates the standard of review for ineffective-assistance claims. Thus, Father has waived his appellate argument. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring contentions to be "supported by cogent reasoning" and "citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on"). Waiver notwithstanding, we cannot agree that Father was denied due process.

The State must satisfy the requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution when it seeks to terminate the parent-child relationship. *Castro v. State Office of Family & Children*, 842 N.E.2d 367, 375 (Ind. Ct. App. 2006) (citation omitted), *trans. denied*. Due process in parental-rights cases involves the balancing of three factors: (1) the private interests affected by the proceeding; (2) the risk of error created by the State's chosen procedure; and (3) the countervailing government interest supporting the use of the challenged procedure. *In re C.G.*, 954 N.E.2d 910, 917 (Ind. 2011) (citing *A.P. v. Porter Cnty. Office of Family & Children*, 734 N.E.2d 1107, 1112 (Ind. Ct. App. 2000), *reh'g denied*, *trans. denied*). The private interest affected by the proceeding is substantial—a parent's interest in the care, custody, and control of his or her child. *Id.* (citation omitted). And the State's interest in protecting the welfare of a child is also substantial. *Id.* Because the State and the parent

4

have substantial interests affected by the proceeding, we focus on the risk of error created by KCDCS's actions and the trial court's actions. *Id.*

We cannot say that Father was denied due process simply because he was not present at the termination hearing. Father was incarcerated in Illinois at the time of the termination hearing and the trial court had no authority to mandate his attendance. And although Father could not attend the hearing, he was ably represented by counsel who had the opportunity to present evidence in his favor and cross-examine witnesses.[2] *See Tillotson v. Clay Cnty. Dep't of Family & Children*, 777 N.E.2d 741, 746 (Ind. Ct. App. 2002) (noting that proper representation by counsel in a termination proceeding significantly decreases the risk of an inaccurate result), *trans. denied.* In light of these facts, and because our courts have held that there is no absolute right to be present at a termination hearing, we cannot say that Father was denied due process simply because he was not present at the hearing. *See C.G.*, 954 N.E.2d at 921 (surveying other jurisdictions and concluding that there is no absolute right to attend a termination hearing).[3]

Nor were Father's due-process rights violated by the trial court's denial of his motions to continue the termination hearing. Because the State and the parent have substantial interests affected by termination proceedings, the factor at issue is the risk of error. The risk of error created by denying Father's motions to continue was low—Father

---

[2] Father makes no argument that his counsel performed deficiently. *See* Appellant's Br. p. 5-6.

[3] Nor can we say that Father was denied due process because, as he claims, his incarceration prevented him from meaningfully consulting with counsel. Father does not provide any support for this claim; he does not explain how his ability to communicate with counsel was hampered or give any details to that effect. Father's bald assertion is not sufficient to establish a due-process violation.

was ably represented by counsel at the termination hearing, which significantly decreased the risk of an inaccurate result. And Father does not argue that he was prejudiced by the trial court's denial of his motions to continue.

When considering due process in termination cases, our Courts have long recognized that parental rights "constitute an important interest warranting deference and protection," while simultaneously acknowledging that "children have an interest in terminating parental rights that prevent adoption and inhibit establishing secure, stable, long-term, continuous relationships." *Id.* at 917 (citations omitted). At the time of the termination hearing, O.M. and T.M. had been removed from their parents' care for more than nineteen months. Although Father's rights are important, his children also have a substantial interest in securing permanency. We conclude that Father's due-process rights were not violated in this case.

Affirmed.

RILEY, J., and MAY, J., concur.